## MONCRIEF v. SOUTHARD. (No. 1198.)

(Court of Civil Appeals of Texas. El Paso. March 3, 1921.)

Appeal and error ☞773(2)—Appeal will be dismissed for failure to file brief as required.

Where a transcript of an appeal has been on file for about 8 months, and the appellant has failed to file briefs as required by law, a motion to dismiss will be allowed. Rev. St. art. 2115; rule 39, Court of Civil Appeals (142 S. W. xiii).

Appeal from Jones County Court; J. F. Lindsey, Judge.

Action between C. E. Moncrief and Dallas Southard. From a judgment therein, the former appeals. Appeal dismissed.

H. S. Lattimore, of Fort Worth, for appellant.
Davenport & Hardwick, of Stamford, for appellee.

HIGGINS, J. The transcript in this case has been on file since June 14, 1920. The case was submitted in this court on February 24, 1921. On February 9, 1921, the appellee moved to dismiss the appeal because of the failure of the appellant to file briefs as by law required. The motion is well taken, and the appeal is accordingly dismissed. Article 2115, Revised Statutes; rule 39 of the Court of Civil Appeals (142 S. W. xiii).

Appeal dismissed.

## CHERRY v. BOWEN. (No. 2392.)

(Court of Civil Appeals of Texas. Texarkana. March 21, 1921. Rehearing Denied March 24, 1921.)

Appeal from District Court, Hunt County; R. R. Neyland, Special Judge.

Suit by W. L. Cherry against L. M. Bowen. Judgment for the defendant, and plaintiff appeals. Affirmed.

Geo. S. Perkins, of Greenville, for appellant.
Crosby & Harrell, of Greenville, for appellee.

LEVY, J. The appellant filed suit, claiming that he was the owner in fee simple and in possession of 2½ acres of land, and that he had purchased the land for the purpose of a gin lot; that the defendant entered upon the premises and removed all material placed there by the plaintiff for building, and continues to interfere with and prevent plaintiff's free access to the premises. He prayed for injunction to restrain the defendant "from interfering with plaintiff's property and from going upon the lot, and from interfering in any way with plaintiff's right of free access to the premises and the right to place and erect on said premises such buildings and machinery as is and will be necessary to maintain and operate a complete and suitable gin plant." On this application the court granted a temporary restraining order as prayed for. Later the defendant filed an answer and motion, praying that the temporary injunction be dissolved. The defendant claimed to have a valid lease contract for the use and occupancy of the premises for the year 1920. The judge heard the motion to dissolve in vacation on the date set therefor, and both parties offered evidence. After hearing the evidence the judge entered an order "that the temporary writ of injunction heretofore issued on May 11, 1920, is ordered dissolved and discontinued in force and effect."

It is believed that, in view of the evidence and the differences between the parties, this court would not be warranted in holding that the present order of the trial judge was error.

Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes